*ORIGINAL*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BARBARA CLEVENGER and PAUL CLEVENGER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | $-07-566-$ |
| vs. | ) | No. |
| | ) | |
| SUSAN M. DONNELLY, M.D., | ) | DE Super. Ct. No. 07C-08-019 WCC |
| LABORATORY CORPORATION OF | ) | |
| AMERICA, a.k.a. LABCORP and | ) | |
| LABCORP DELAWARE INC., | ) | **NOTICE OF REMOVAL** |
| | ) | |
| Defendants. | ) | |

Defendants Laboratory Corporation of America and LabCorp Delaware, Inc. (collectively

"LabCorp"), by and through undersigned counsel, pursuant to Title 28, United States Code §§

1441 and 1446, file their Notice of Removal in the above-styled case to the United States District

Court of the District of Delaware, and as grounds therefor, state as follows:

## I. STATE COURT ACTION

1.    Plaintiffs Barbara Clevenger and Paul Clevenger ("Plaintiffs") have commenced

a civil action that is now pending in the Superior Court of Delaware, New Castle County (the

"State Court Action"), naming Susan M. Donnelly, M.D. and LabCorp as defendants.

2.    The Summons, Case Information Statement, and Complaint with attached Notice

of Intent, Affidavit of Counsel Pursuant to Rule 3(a)(ii)(iii), Certificate of Value, and Plaintiffs'

Answers to Form 30 Interrogatories are attached hereto as Exhibit 1 and constitute the only

process, pleadings or other papers in the State Court Action.

3.    The attorney of record for Plaintiffs in the State Court Action is Gilbert F. Shelsby, Jr., Shelsby & Leoni, 221 Main Street, Stanton, Delaware 19804, Telephone 302-995-6210.

4.    There are no motions or other matters currently pending in the State Court Action that require resolution by this Court.

## II. TIMELINESS OF REMOVAL

5.    The State Court Action was filed on or about August 2, 2007. LabCorp was served with Plaintiffs' Complaint on or about August 23, 2007. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), because it is filed within thirty (30) days after service of Plaintiff's Complaint.

## III. SUBJECT MATTER JURISDICTION

6.    The United States District Court, District of Delaware, has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and it is one that may be removed to this Court by LabCorp pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### A.    Diversity of Citizenship

7.    Plaintiffs are individuals residing at 520 Old Telegraph Road Warwick, MD 21912 and are citizens of Maryland. (See Exhibit 1, Complaint at ¶1). Defendant Susan Donnelly, M.D. is an individual residing in the state of Delaware and is a citizen thereof. (Declaration of James. V. O'Brien ("O'Brien Dec."), attached hereto as Exhibit 2, at ¶3). Laboratory Corporation of America is a North Carolina corporation with its principal place of business in Burlington, North Carolina. (O'Brien Dec. at ¶2). LabCorp Delaware, Inc. was a

Delaware corporation with its principal place of business in Burlington, North Carolina. LabCorp Delaware was dissolved September 27, 2004 and is not a proper party to this lawsuit. (Id.).

8.     Complete diversity exists between Plaintiffs and Defendants pursuant to 28 U.S.C. § 1332.

## B.    Amount in Controversy

9.     A district court has subject matter jurisdiction over a state law claim if there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 for each plaintiff. *See* 28 U.S.C. § 1332. As a general rule, "[the] amount-in-controversy requirement is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Group v. G. Brown*, 131 F.3d 120, 121 (3d Cir. 1997) (*quoting St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). A district court's determination as to the amount in controversy must be based on the "plaintiff's complaint at the time the petition for removal was filed." *Steel Valley Auth. v. Union Switch Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). The court must measure the amount "not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993). A complaint that expressly alleges an amount in excess of $75,000 will be deemed to satisfy the amount in controversy requirement, unless it is shown to a legal certainty that the plaintiff cannot recover that amount. *See Spectacor Management Group v. G. Brown*, 131 F.3d 120, 121 (3d Cir. 1997); *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999) (holding that a claim removed under 28 U.S.C. § 1332 will be remanded only when it appears to a legal certainty that the plaintiff was never entitled to recover the jurisdictional amount).

10.    A review of Plaintiffs' Complaint establishes that the recovery sought is in excess of $75,000 as required for diversity jurisdiction under 28 U.S.C. § 1332. (Exhibit 1, Certificate of Value). Plaintiffs allege that defendant Susan M. Donnelly, M.D. failed to properly diagnose and evaluate a skin biopsy in 2005, and, as a consequence, Mrs. Clevenger suffered an increased growth and spread of her melanoma.    (Exhibit 1, Complaint at ¶¶6-18).    Plaintiffs seek reimbursement for the incurred expenses associated with hospital, medical and therapeutic treatment and any expenses that Mrs. Clevenger can reasonably expect to incur in the future as well as pain and suffering and emotional distress from her condition and any associated loss of earnings. (*Id.* at ¶¶18-22). Plaintiffs' further allege that these injuries have caused interruption and damage to the Plaintiffs' marriage and Mrs. Clevenger's ability to function as a wife. Based on the foregoing allegations, Plaintiffs seek to recover substantial damages in this case. Plaintiffs' attorney filed a Certification of Value (Complaint, Exhibit A) with the State Court certifying that "in good faith at this time in my opinion [ ] the sum of damage of the Plaintiff is in excess of $100,000 exclusive of costs and interest." Although Plaintiffs' allegations are without merit, it is clear that, if the allegations are taken as true, the amount in controversy exceeds $75,000.00. (O'Brien Dec. at ¶4).

## V. **NOTICE TO THE STATE COURT AND ALL PARTIES**

11.    Pursuant to 28 U.S.C. § 1446(d), LabCorp certifies that promptly after filing this Notice of Removal it will provide current written notice of the filing to Plaintiffs and to the Clerk of the Superior Court of New Castle County, Delaware.

070919125223.DOC                                                                                                    4

WHEREFORE, Defendants Laboratory Corporation of America and LabCorp Delaware, Inc. pray that the State Court Action be removed to the United States District Court for the District of Delaware and that no further proceedings be held in the Superior Court of New Castle County, Delaware.

DATED:  September 20, 2007

Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:    (302) 654-0248
Facsimile:    (302) 654-0728
Email:        loizides@loizides.com

- and -

James V. O'Brien
Andrew S. Buchanan
LEWIS, RICE & FINGERSH, L.C.
500 N. Broadway, Suite 2000
St. Louis, MO  63102
Telephone:    (314) 444-7600
Facsimile:    (314) 241-6056
Email:        jobrien@lewisrice.com
              abuchanan@lewisrice.com

*Counsel for Defendants Laboratory Corporation of America and LabCorp Delaware, Inc.*

## CERTIFICATE OF SERVICE

I, Christopher D. Loizides, hereby certify that on the 20th day of September, 2007, I did cause copies of the foregoing to be served via U.S. First Class Mail, postage prepaid, on the following parties:

> Gilbert F. Shelsby, Jr., Esquire
> Shelsby & Leoni
> 221 Main Street
> Stanton, DE 19804
> *Counsel for Plaintiffs*

> Susan M. Donnelly, MD
> 3 Hayloft Court
> Wilmington, DE 19808
> *Defendant*

DATED: September 20, 2007

Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:    (302) 654-0248
Facsimile:    (302) 654-0728 (fax)
E-mail:        loizides@loizides.com

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

EFiled: Aug 2 2007 3:02PM EDT
Transaction ID 15808751
Case No. 07C-08-019 WCC

IN AND FOR NEW CASTLE COUNTY

BARBARA CLEVENGER and ) C.A. No. 07C-08-019 WCC
PAUL CLEVENGER, )
 )
Plaintiffs, )
 ) NON-ARBITRATION CASE
 )
v. )
 )
SUSAN M. DONNELLY, M.D., ) TRIAL BY JURY OF
LABORATORY CORPORATION OF )
AMERICA, a.k.a. LABCORP and )
LABCORP DELAWARE, INC., ) SIX DEMANDED
 )
 )
Defendants. )

*********************************************************************

## SUMMONS

**THE STATE OF DELAWARE,**
**TO THE SHERIFF OF NEW CASTLE COUNTY:**
**YOU ARE COMMANDED:**

 To summon the above named Defendants, so that, within 20 days after service hereof, exclusive of the day of service, Defendant shall serve upon Gilbert F. Shelsby, Jr., Esquire, Plaintiff's attorney, whose address is 221 Main Street, Stanton, Delaware 19804, an answer to the Complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

 To serve upon Defendants a copy hereof and of the Complaint (and of the affidavit of demand if any has been filed).

DATED: August 2, 2007

SHARON AGNEW
Prothonotary

Per Deputy

**TO THE ABOVE NAMED DEFENDANT:**

 In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiffs' attorneys, both named above, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), and an answer to the complaint of plaintiff, judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

SHARON AGNEW
Prothonotary

DATED: August 2, 2007

Per Deputy

**Exhibit 1**

**EFiled: Aug 2 2007 3:02PM EDT**
**Transaction ID 15808751**
**Case No. 07C-08-019 WCC**

## SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY:    <u>N</u>    K    S          CIVIL ACTION NUMBER: 07C-08-019 WCC

CIVIL CASE CODE:    <u>CMAL</u>          CIVIL CASE TYPE: <u>**MALPRACTICE**</u>
(SEE REVERSE SIDE FOR CODE AND TYPE)

| CAPTION:<br>BARBARA CLEVENGER and<br>PAUL CLEVENGER,<br><br>Plaintiffs,<br><br>v.<br><br>SUSAN M. DONNELLY, M.D.,<br>LABORATORY CORPORATION OF AMERICA,<br>a.k.a. LABCORP and LABCORP DELAWARE, INC.,<br><br>Defendants. | NAME    AND    STATUS    OF    PARTY    FILING    DOCUMENT:<br><br>BARBARA CLEVENGER and<br>PAUL CLEVENGER,<br>Plaintiffs,<br><br>DOCUMENT TYPE: (E.G., COMPLAINT; ANSWER WITH COUNTERCLAIM)<br><br>COMPLAINT<br><br>NON-ARBITRATION √<br>(CERTIFICATE OF VALUE MAY BE REQUIRED)<br><br>ARBITRATION ____ MEDIATION ____ NEUTRAL ASSESSMENT ____<br><br>DEFENDANT (CIRCLE ONE)    **ACCEPT**          **REJECT**<br><br>JURY DEMAND √    YES ____    NO<br><br>TRACK ASSIGMENT REQUESTED: (CIRCLE ONE)<br><br>**EXPEDITED    (STANDARD)    COMPLEX** |
| ATTORNEY NAME(S):<br>Gilbert F. Shelsby, Jr.<br><br>ATTORNEY ID(S): 2833<br><br>Gilbert F. Shelsby, Jr., Esquire<br>**SHELSBY & LEONI**<br>221 Main Street<br>Stanton, DE 19804<br><br>TELEPHONE NUMBER:<br>**(302) 995-6210**<br><br>FAX NUMBER:<br>**(302) 995-6121**<br><br>E-MAIL ADDRESS:<br>gshelsby@mslde.com | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR<br>COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S<br>INITIALS<br>_____<br>_____<br><br>EXPLAIN THE RELATIONSHIP(S): _____<br>_____<br>_____<br>_____<br>_____<br><br>OTHER UNUSUAL ISSUES THAT EFFECT CASE MANAGEMENT:<br>_____<br><br>(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGES) |

**THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND TO HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.**



EFiled: Aug 2 2007 3:02PM EDT
Transaction ID 15808751
Case No. 07C-08-019 WCC

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| BARBARA CLEVENGER, and<br>PAUL CLEVENGER, | )<br>) | C.A. No. 07C-08-019 WCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | NON-ARBITRATION CASE |
| | ) | |
| v. | ) | |
| | ) | |
| SUSAN M. DONNELLY, M.D., | ) | TRIAL BY JURY OF |
| LABORATORY CORPORATION OF | ) | |
| AMERICA, a.k.a. LABCORP and | ) | SIX DEMANDED |
| LABCORP DELAWARE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

**COMES NOW**, Plaintiffs, Barbara Clevenger and Paul Clevenger, by and through their

attorneys, Gilbert F. Shelsby, Jr. and SHELSBY & LEONI, and brings this action against

Defendants, Susan M. Donnelly, M.D., Laboratory Corporation of America, a.k.a. LabCorp, and

LabCorp Delaware, Inc. and states as follows:

1.    Plaintiffs, Barbara Clevenger and Paul Clevenger, reside at 520 Old Telegraph Road,

Warwick, MD 21912.

2.    At all times mentioned herein, Defendant, LabCorp Delaware, Inc. (hereinafter referred

to as "LabCorp DE"), was and is a medical facility which provided health care, including

the evaluation of pathology, and other lab work. The corporation is incorporated under

Delaware law, and maintains a place of business in the State of Delaware at 212 Cherry

Lane, New Castle, DE 19720. The Registered Agent for this corporation is: The

Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington,

DE 19801.

3.    At all times mentioned herein, Defendant, Laboratory Corporation of America, a.k.a. LabCorp, (hereinafter referred to as "LabCorp"), was and is a medical facility which provided health care, including the evaluation of pathology, and other lab work. The corporation maintains a place of business in the State of Delaware at 212 Cherry Lane, New Castle, DE 19720, and also has a principal place of business at 430 S. Spring Street, Burlington, North Carolina 27215. LabCorp DE is part of, or a subsidiary of LabCorp.

4.    The Defendant, Susan M. Donnelly, M.D. is a physician, specializing in pathology, licensed to practice medicine in the State of Delaware, and held herself out to be an employee of the Defendants, LabCorp and LabCorp DE. At all pertinent times, Susan M. Donnelly, M.D. was an agent, actual or apparent, servant and employee of Defendants, LabCorp and LabCorp DE acting within the scope of her agency and employment. As a consequence, LabCorp and LabCorp DE are vicariously liable under the doctrine of respondeat superior.

5.    At all times pertinent to the acts of medical negligence herein alleged, all Defendants were healthcare providers, within the meaning of Chapter 68 of Title 18 of the Delaware Code. At all times of which Plaintiff complained, the Defendants represented to the Plaintiff and physicians, who forwarded lab work and biopsies for evaluation that they possessed the degree of skill, knowledge, and ability possessed by reasonably competent medical practitioners practicing under the same or similar circumstances as those involving the Plaintiff.

6.    On April 15, 2005, Plaintiff presented to the office of Dr. John Fink, a primary care physician with complaints of a lesion on her right arm. A recommendation for a skin biopsy was made.

7.    Plaintiff, Barbara Clevenger, presented to Dr. Fink's office in May of 2005, where a skin biopsy was performed.

8.    The pathology was reviewed by Defendant, Dr. Susan M. Donnelly, and other pathologists, and agents, servants and employees of LabCorp and LabCorp DE, who evaluated the skin biopsy and reported that it was a "junctional nevus, inflamed", it was also reported that the nevus was "present at lateral tissue margin". The findings were reported to Dr. Fink on May 9, 2005.

9.    Dr. Fink relied on the pathology diagnosis of the Defendants, and determined that no further biopsy or excision was necessary.

10.    Barbara Clevenger was subsequently advised by Dr. Fink that the pathology was benign. Plaintiff continued to follow up with Dr. Fink with the belief that the lesion on her arm was benign.

11.    That throughout 2005, 2006 and into 2007, Ms. Clevenger continued to believe that the lesion on her arm was benign.

12.    That in January of 2007, Dr. Fink referred Barbara Clevenger to a dermatologist, Dr. Scott Panzer for evaluation of a lesion on the right arm at the same location as the previous biopsy. Dr. Panzer obtained two (2) biopsies and noted that the lesion was "highly suggestive of melanoma".

13.    That the pathology obtained by Dr. Panzer confirmed the existence of malignant melanoma.

14.    That Plaintiff was diagnosed with a Clark's Level IV melanoma, which required extensive excision, sentinel lymph node mapping and biopsies.

15.    That the Defendants were placed on notice of this claim by a Notice of Intent pursuant to 18 Del.C. § 6856, which are attached hereto as "Exhibit A".

## COUNT I – MEDICAL NEGLIGENCE CLAIM

16.    The Plaintiffs, Barbara Clevenger and Paul Clevenger incorporate by reference the factual allegations as set forth in Paragraphs 1 through 15.

17.    Defendants, individually, jointly and severally, Susan M. Donnelly, M.D., LabCorp and
LabCorp DE, through their agents, servants and employees, who were involved in the
evaluation and reporting of the findings of the skin biopsy in May of 2005 were negligent
in the above described treatment of Ms. Clevenger in that they failed to exercise that
degree of skill, care and learning, ordinarily exercised or possessed by the average
physician, health care facility, and health care providers practicing in the State of
Delaware taking into account the existing state of knowledge and practice in the
professions in the State of Delaware. The Defendants were negligent in the following
particulars, among others:

(a)    Failed to properly diagnose the skin biopsy evaluated relative to the Plaintiff,
Barbara Clevenger;

(b)    Failed to properly evaluate the skin biopsy performed on Plaintiff;

(c)    Failed to properly report the appropriate findings of the biopsy to Plaintiff's
treating physician;

(d)    Failed to note and observe abnormalities of the skin biopsy and report them to the
treating physician of Plaintiff;

(e)    Failed to properly recommend further excision and biopsy;

(f)    Failed to make adequate assessments of the skin biopsy, and order appropriate
follow up;

(g)    Failed to follow procedures and protocols to confirm and evaluate the pathology
of Plaintiff;

(h)    Failed to have adequate procedures and protocols in effect to avoid misdiagnosis
of biopsy specimens such as that of Plaintiff;

      (i)     Negligently supervised the health care providers at LabCorp and/or LabCorp DE, including negligence supervision of the evaluating pathologists for the specimen submitted to LabCorp and/or LabCorp DE of Plaintiff;

      (j)     Failure to have follow up pathology reviews performed to determine any misdiagnosis of pathology.

      (k)     Failed to employ proper techniques and procedures in the evaluation of the pathology;

      (l)     Failed to implement adequate safe guards, quality control and volume control to avoid pathology misdiagnosis;

      (m)     Were otherwise negligent in their handling, interpretation and evaluation of the pathology of Barbara Clevenger.

18.    As a direct and proximate result of the aforesaid negligence and breaches of the standard of care by Defendants, Susan M. Donnelly, M.D., LabCorp and LabCorp DE, Barbara Clevenger suffered an increased growth and spread of her melanoma.

19.    As a direct and proximate result of the aforesaid negligence and breaches in the standard of care by Defendants, Susan M. Donnelly, M.D., LabCorp and LabCorp DE, Barbara Clevenger has incurred expenses of hospital, medical and therapeutic treatment and she can reasonably expect to incur more expenses in the future as well as pain and suffering and emotional distress from her condition.

20.    As a direct and proximate result of the aforesaid negligence and breaches of the standard of care by Defendants, Susan M. Donnelly, M.D., LabCorp and Labcorp DE, Barbara Clevenger has suffered loss of earnings.

21.    As a direct and proximate result of the aforesaid negligence and breaches of care by Defendants, Susan M. Donnelly, M.D., LabCorp and LabCorp DE, Ms. Clevenger has

suffered further extension, spread of her melanoma and the likelihood of an early death from cancer.

22.    As a direct and proximate result of the aforesaid negligence and breaches of the standard of care by the Defendants, Susan M. Donnelly, M.D., LabCorp and LabCorp DE, Ms. Clevenger has suffered a significant loss of chance of cure of her cancer.

**WHEREFORE,** Plaintiffs, Barbara Clevenger and Paul Clevenger, demands judgment against the Defendants, individually, jointly and severally for special damages, interest, general damages, pain and suffering, as the jury will award and the costs of this action.

## COUNT II-LOSS OF CONSORTIUM

23.    The Plaintiffs, Barbara Clevenger and Paul Clevenger incorporate by reference the factual allegations as set forth in Paragraphs 1-22.

24.    Barbara Clevenger and Paul Clevenger are husband and wife. As the result of the negligence of these Defendants, Mr. and Mrs. Clevenger assert that their marriage and marital relationship was interrupted and continues to be interrupted.

25.    The severe, unremitting pain from which Barbara Clevenger suffers, as well as the permanent disability sustained as a result of the negligence of these Defendants, has permanently interrupted and damaged the Clevengers' marriage and Barbara Clevenger's ability to function as a wife, and to perform household duties.

**WHEREFORE,** Plaintiffs, Barbara Clevenger and Paul Clevenger, demands judgment against the Defendants, individually, jointly and severally for special damages, interest, general damages, pain and suffering, as the jury will award and the costs of this action.

**SHELSBY & LEONI**

*/s/ Gilbert F. Shelsby, Jr.*
Gilbert F. Shelsby, Jr. ID #2833
221 Main Street
Stanton, Delaware 19804
(302) 995-6210

DATED: August 2, 2007          *Attorney for the Plaintiffs*

EFiled: Aug 2 2007 3:02PM EDT
Transaction ID 15808751
Case No. 07C-08-019 WCC

# EXHIBIT A

# SHELSBY & LEONI

GILBERT F. SHELSBY, JR. (MD, DC, DE)
ROBERT J. LEONI (DE)

OF COUNSEL
MICHAEL C. ROSENDORF (MD, DC, DE)

A PROFESSIONAL ASSOCIATION.

221 MAIN STREET
STANTON, DELAWARE 19804
302-995-6210
FACSIMILE 302-995-6121

MICHAEL J. LOGULLO (DE)
STACEY L. PAOLI (PA)

April 27, 2007

## NOTICE OF INTENT

### CERTIFIED MAIL – RETURN RECEIPT REQUESTED

Susan Donnelly, M.D.
212 Cherry Lane
New Castle, DE  19720-0000

    Re:   Barbara Clevenger

Dear Dr. Donnelly:

    This Notice is sent to you pursuant to Title 18 Del. C. § 6856(3).  This is a Notice of Intent to investigate a potential claim against you regarding care given to Barbara Clevenger.

    You were the evaluating health care provider of Ms. Clevenger in May of 2005 relative to a skin biopsy.

    This new statue allows us to send you this letter without starting a lawsuit.  This Notice will not be filed with any Court.  Under this new statue we have ninety (90) days from the date of the applicable statute of limitations to investigate and either file a lawsuit or not.

    Neither Ms. Clevenger nor I want to file any case against any health care provider unless we have sound evidence to support that claim.  We will be diligent in our investigation and file the case only if we believe that negligence has occurred and a Board Certified expert in your field is willing to so testify.

Susan Donnelly, M.D.
April 27, 2007
Page 2

If you have any questions about this, I would normally tell you to call me but under these circumstances, it would be best for you to contact your own lawyer.

Very truly yours,

Gilbert F. Shelsby, Jr.

GFS:nnr

cc:     Barbara Clevenger

# SHELSBY & LEONI

GILBERT P. SHELSBY, JR. (MD, DC, DE)
ROBERT J. LEONI (DE)

OF COUNSEL
MICHAEL C. ROSENDORF (MD, DC, DE)

A PROFESSIONAL ASSOCIATION

221 MAIN STREET
STANTON, DELAWARE 19804
302-995-6210
FACSIMILE 302-995-6121

MICHAEL J. LOGULLO (DE)
STACEY L. PAOLI (PA)

April 27, 2007

**NOTICE OF INTENT**

## CERTIFIED MAIL – RETURN RECEIPT REQUESTED

**LAB.CORP/LAB CORP DELAWARE, INC.**
212 Cherry Lane
New Castle, DE 19720-0000

    Re:  **Barbara Clevenger**

Dear Sir/Madam:

    This Notice is sent to you pursuant to Title 18 Del. C. § 6856(3). This is a Notice of Intent to investigate a potential claim against the Health Care facility regarding care given to Barbara Clevenger.

    You were the evaluating health care provider of Ms. Clevenger in May of 2005 relative to a skin biopsy.

    This new statue allows us to send you this letter without starting a lawsuit. This Notice will not be filed with any Court. Under this new statute we have ninety (90) days from the date of the applicable statute of limitations to investigate and either file a lawsuit or not.

    Neither Ms. Clevenger nor I want to file any case against any health care provider unless we have sound evidence to support that claim. We will be diligent in our investigation and file the case only if we believe that negligence has occurred and a Board Certified expert in your field is willing to so testify.

LAB CORP
April 27, 2007
Page 2

    If you have any questions about this, I would normally tell you to call me but under these circumstances, it would be best for you to contact your own lawyer.

Very truly yours,

Gilbert F. Shelsby, Jr.

GFS:nnr

cc:    Barbara Clevenger

EFiled: Aug 2 2007 3:02P EDT
Transaction ID 15808751

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
Case No. 07C-08-019 WCC

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| BARBARA CLEVENGER and PAUL CLEVENGER, | ) ) ) | C.A. No. 07C-08-019 WCC |
| Plaintiffs, | ) ) ) ) | NON-ARBITRATION CASE |
| v. | ) ) | |
| SUSAN M. DONNELLY, M.D., LABORATORY CORPORATION OF AMERICA, a.k.a. LABCORP and LABCORP DELAWARE, INC., | ) ) ) ) | TRIAL BY JURY OF SIX DEMANDED |
| Defendants. | ) ) ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### AFFIDAVIT OF COUNSEL PURSUANT TO RULE 3(a)(ii)(iii)

1.    Photocopies of existing documentary evidence relating to special damages, or, in lieu thereof, a brief sworn statement as to any item not included as to the reason of its non-availability and a specific undertaking as to when it will be made available.

ANSWER:    To be supplied when an appearance is entered on behalf of Defendants.

2.    Photocopies of pertinent portions of plaintiffs' tax returns.

ANSWER:    To be supplied when an appearance is entered on behalf of Defendants.

SHELSBY & LEONI

*/s/ Gilbert F. Shelsby, Jr.*
Gilbert F. Shelsby, Jr., Esquire (# 2833)
221 Main Street
Stanton, DE  19804
(302) 995-6210
DATED: August 2, 2007                *Attorneys for Plaintiffs*



EFiled: Aug 2 2007 3:02PM EDT
Transaction ID 15808751
Case No. 07C-08-019 WCC

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| BARBARA CLEVENGER and<br>PAUL CLEVENGER, | ) | C.A. No.: O7C-08-019 WCC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | NON-ARBITRATION CASE |
| | ) | |
| v. | ) | |
| | ) | |
| SUSAN M. DONNELLY, M.D., | ) | TRIAL BY JURY OF |
| LABORATORY CORPORATION OF | ) | |
| AMERICA, a.k.a. LABCORP and | ) | |
| LABCORP DELAWARE, INC., | ) | SIX DEMANDED |
| | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF VALUE

I, Gilbert F. Shelsby, Jr., Esquire, Attorney for Plaintiff, hereby certify in good faith at

this time in my opinion that the sum of damages of the Plaintiff is in excess of $100,000.00

exclusive of costs and interests.

SHELSBY & LEONI

_/s/ Gilbert F. Shelsby, Jr._
Gilbert F. Shelsby, Jr., Esquire (# 2833)
221 Main Street
Stanton, DE 19804
(302) 995-6210
*Attorneys for Plaintiffs*

DATED: August 2, 2007

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

EFiled: Aug 2 2007 3:02PM EDT
Transaction ID 15808751
Case No. 07C-08-019 WCC

IN AND FOR NEW CASTLE COUNTY

|  |  |  |
|---|---|---|
| BARBARA CLEVENGER and<br>PAUL CLEVENGER,<br><br>    Plaintiffs,<br><br>      v.<br><br>SUSAN M. DONNELLY, M.D.,<br>LABORATORY CORPORATION OF<br>AMERICA, a.k.a LABCORP and<br>LABCORP DELAWARE, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 07C-08-019 WCC<br><br><br>NON-ARBITRATION CASE<br><br><br>TRIAL BY JURY OF<br><br><br>SIX DEMANDED |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFF'S ANSWERS TO FORM 30 INTERROGATORIES

1.    Give the name and present or last known residential and employment address and telephone number of each eyewitness to the incident, which is the subject of the litigation.

ANSWER:
        (a)   Barbara Clevenger
              520 Old Telegraph Rd.
              Warwick, MD  21921

        (b)   Paul Clevenger
              520 Old Telegraph Rd.
              Warwick, MD  21921

        (c)   Susan M. Donnelly, M.D.
              212 Cherry Lane
              New Castle, DE  19720

        (d)   Laboratory Corporation of America/LabCorp/LabCorp Delaware, Inc.
              212 Cherry Lane
              New Castle, DE  19720

2.  Give the name and present or last known residential and employment address and telephone number of each person who has knowledge of the facts relating to this litigation.

ANSWER:    See answer to Interrogatory No. 1.

3. Give the names of all persons who have been interviewed in connection with the above litigation, including the names and present or last known residential and employment addresses and telephone numbers of the persons who made said interviews and the names and present or last known residential and employment addresses and telephone numbers of persons who have the original and copies of the interview.

ANSWER:    None.

4. Identify all photographs, diagrams or other representations made in connection with the matter in litigation, giving the name and present or last known residential and employment address and the telephone number of the person having the original and copies thereof (in lieu thereof, a copy can be attached).

ANSWER:    See medical records.

5. Give the name, professional address and telephone number of all expert witnesses presently retained by the party, together with the dates of any written opinions prepared by said expert. If an expert is not presently retained, describe by type the experts whom the party expects to retain in connection with the litigation.

ANSWER:    Experts will be identified during discovery.

6. Give a brief description of any insurance policy, including excess coverage, that is or may be applicable to the litigation, including:

   (a)    The name and address of all companies insuring the risk;

   (b)    The policy number(s);

   (c)    The type of insurance;

   (d)    The amounts of primary, secondary and excess coverage.

ANSWER:

   (a)    To be supplied by Defendant.

   (b)    To be supplied by Defendant.

   (c)    To be supplied by Defendant.

   (d)    To be supplied by Defendant.

7. Give the name, professional address, and telephone number of all physicians, chiropractors, psychologists, and physical therapists who have examined or treated you at any time during the ten-year period prior to the date of the incident at issue in this litigation.

ANSWER:

a) John Fink, M.D.
   319 N. Carter Road
   Smyrna, DE 19977
   (302) 653-1050

b) Scott M. Panzer, M.D.
   Panzer Dermatology & Cosmetic Surgery
   Apex Medical Center #107/207
   537 Stanton-Christiana Rd.
   Newark, DE 19713
   (302) 633-7550

c) Benjamin Cooper, M.D., P.A.
   Brandywine Cosmetic Surgery
   137 Medical Arts Pavillion
   Newark, DE 19713
   (302) 652-3331

d) Joseph J. Bennett, M.D.
   Helen F. Graham Cancer Center
   4701 Ogletown-Stanton Road
   Suite 1250B
   Newark, DE 19713

e) Jeffrey C. Barton, DPM, FACFAS
   Kent Foot and Ankle Center
   30 E. Division Street
   Dover, DE 19901
   (302) 735-9811

                                    SHELSBY & LEONI

                                    */s/ Gilbert F. Shelsby, Jr.*
                                    Gilbert F. Shelsby, Jr., Esquire (# 2833)
                                    221 Main Street
                                    Stanton, DE 19804
                                    (302) 995-6210
                                    *Attorneys for Plaintiffs*

DATED: August 2, 2007

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| BARBARA CLEVENGER and<br>PAUL CLEVENGER, | ) |
| | ) |
|        Plaintiffs, | ) |
| | ) |
|        vs. | )   No. |
| | ) |
| SUSAN M. DONNELLY, M.D. | )   (New Castle Cty. DE No. 07C-08-019 WCC) |
| LABORATORY CORPORATION OF | ) |
| AMERICA, a.k.a. LABCORP and | )   **DECLARATION OF** |
| LABCORP DELAWARE INC., | )   **JAMES V. O'BRIEN** |
| | ) |
|        Defendants. | ) |

I, James V. O'Brien, declare and state as follows:

1.     I am an attorney in good standing, practicing in the State of Missouri with the law firm of Lewis, Rice & Fingersh, L.C., 500 North Broadway, Suite 2000, St. Louis, Missouri 63102-2147..

2.     I represent Defendants Laboratory Corporation of America and LabCorp Delaware, Inc. ("LabCorp DE") (collectively "LabCorp") in the above-captioned lawsuit. I have represented LabCorp in the past, and am familiar with its corporate citizenship. I have also been to its corporate headquarters. Laboratory Corporation of America is a North Carolina corporation with its principal place of business in Burlington, North Carolina. LabCorp DE was a Delaware corporation with its principal place of business in Burlington, North Carolina. LabCorp DE was dissolved on September 27, 2004 and is not a proper party to this lawsuit.

3.     I am also familiar with the citizenship of Defendant Susan M. Donnelly, M.D. LabCorp records indicate that Dr. Donnelly is a citizen of the State of Delaware.

4.     I have reviewed the Complaint filed by Plaintiffs Barbara Clevenger and Paul Clevenger. Plaintiffs allege that Defendant Susan M. Donnelly, M.D. failed to properly diagnose and evaluate a skin biopsy in 2005, and, as a consequence, Mrs. Clevenger suffered an increased

1407143.02

growth and spread of her melanoma. (Complaint at ¶¶6-18). Plaintiffs seek reimbursement for the incurred expenses associated with hospital, medical and therapeutic treatment and any expenses that Mrs. Clevenger can reasonably expect to incur in the future as well as pain and suffering and emotional distress from her condition and any associated loss of earnings. (*Id.* at ¶¶18-22). Plaintiffs' further allege that these injuries have caused interruption and damage to the Plaintiffs' marriage and Mrs. Clevenger's ability to function as a wife. Based on the foregoing allegations, it is my opinion that Plaintiffs seek to recover substantial damages in this case. My opinion is supported by the Certification of Value (Complaint, Exhibit A) filed by Plaintiffs' attorney in the State Court certifying that "in good faith at this time in my opinion [ ] the sum of damage of the Plaintiff is in excess of $100,000 exclusive of costs and interest." Although I believe Plaintiffs' claims are without merit, I herein represent that I believe in good faith that Plaintiffs will seek to recover in this lawsuit an amount in excess of $75,000.00, exclusive of interest and costs.

As permitted by 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and, if sworn as a witness, I could and would testify competently thereto.

9/19/07
Date

James V. O'Brien

2

ORIGINAL

**CIVIL COVER SHEET**

= 0 7 - 5 6 6 -

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
BARBARA Clevenger and Paul Clevenger

**DEFENDANTS** Susan M. Donnelly, MD; Laboratory Corp. of America d/k/a Labcorp and Labcorp Delaware, Inc.

**(b)** County of Residence of First Listed Plaintiff   Cecil Co., MD
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   New Castle, DE
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) (302) 995-6210
Gilbert F. Shelsby, Jr.,
Shelsby & Leoni,
221 Main St., Stanton, DE 19804

Attorneys (If Known) Christopher D. Loizides, P.A.
(302) 654-0248   1225 King St., #800
Wilmington, DE 19801

Christopher D. Loizides (Attorney for Labcorp defendants)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | **PERSONAL INJURY** | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 362 Personal Injury - Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332

Brief description of cause:
Plaintiff claims she was not timely diagnosed with melanoma.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ over 100,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions): JUDGE William C. Carpenter, Jr.
DOCKET NUMBER DE Super. Ct. 07C-08-019 WCC

DATE September 20, 2007

SIGNATURE OF ATTORNEY OF RECORD
Christopher D. Loizides (No. 3968)

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

$\bar{=}$ 0 7 - 5 6 6 _

Civil Action No. _____

CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
FILED
2007 SEP 20  PM 12: 59

## **ACKNOWLEDGMENT**
## **OF RECEIPT FOR AO FORM 85**

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ COPIES OF AO FORM 85.

9/20/07
(Date forms issued)

_____
(Signature of Party or their Representative)

JOHN  D.  RITER
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action _____