IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

BARBARA CLEVENGER and            )
PAUL CLEVENGER,                  )
                                 )
            Plaintiffs,          )
                                 )
      v.                         )        Civil Action No. 07-566 (JJF)
                                 )
SUSAN M. DONNELLY, M.D.,         )
LABORATORY CORPORATION OF        )
AMERICA, a.k.a. LABCORP and      )
LABCORP DELAWARE INC.,           )
                                 )
            Defendants.          )
_____)

**DEFENDANTS' MOTION FOR LEAVE TO FILE
THIRD PARTY COMPLAINT AGAINST NEIL S. KAYE, M.D., P.A.**

Defendants Laboratory Corporation of America and LabCorp Delaware, Inc. (collectively "LabCorp"), by and through their undersigned counsel, pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, and, for their Motion for Leave to File Third Party Complaint Against Neil S. Kaye, M.D., P.A. ("Kaye P.A."), state as follows:

1.      Plaintiffs Barbara Clevenger and Paul Clevenger have filed the present lawsuit against LabCorp and Dr. Susan Donnelly alleging that Dr. Donnelly negligently evaluated a skin biopsy taken from Barbara Clevenger ("Ms. Clevenger") in May of 2005. Ms. Clevenger was subsequently diagnosed with a Clark's Level IV melanoma. She alleges that because of Dr. Donnelly's negligence in evaluating her May 2005 biopsy, the diagnosis of her cancer was delayed, and she suffered an increased growth and spread of her melanoma.

2.      Dr. Donnelly is employed by Kaye P.A. The May 2005 biopsy at issue was evaluated by Dr. Donnelly pursuant to a Pathology Services Agreement between LabCorp and

Kaye P.A.   Although the LabCorp believes that Plaintiffs' claims are without merit and will ultimately be unsuccessful, LabCorp brings the present motion for leave to file a third-party complaint against Kaye P.A. to assert contractual indemnity and breach of contract claims arising under the Agreement and common law indemnity and contribution claims against Kaye P.A.

3.      The facts supporting the claim against Kaye P.A. are set forth in the proposed Third Party Complaint submitted by the LabCorp Companies and attached hereto as <u>Exhibit 1</u>.

4.      The Scheduling Order in the case provides that motions to add new parties shall be filed by April 1, 2008.  The LabCorp Companies are have filed this Motion within the April 1, 2008 time frame.

5.      The present Motion is not submitted for the purpose of delaying these proceedings or for any other improper purpose.

6.      The LabCorp Companies incorporate herein their Memorandum in Support filed herewith.

WHEREFORE, Defendants Laboratory Corporation of America and LabCorp Delaware, Inc. respectfully request that leave be granted to file their Third Party Claim adding Neil S. Kaye, M.D., P.A. as a third party defendant and that a summons be issued for this purpose.

DATED: April 1, 2008

Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:      (302) 654-0248
Facsimile:      (302) 654-0728
Email:          loizides@loizides.com

- and -

James V. O'Brien
Andrew S. Buchanan
LEWIS, RICE & FINGERSH, L.C.
500 N. Broadway, Suite 2000
St. Louis, MO  63102
Telephone:     (314) 444-7600
Facsimile:     (314) 241-6056
Email:          jobrien@lewisrice.com
                abuchanan@lewisrice.com

*Counsel for Defendants Laboratory Corporation of
America and LabCorp Delaware, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 1, 2008, he caused to be served true and correct copies of the foregoing **DEFENDANTS' MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT AGAINST NEIL S. KAYE, M.D., P.A.** on the parties identified below in the manner so indicated.

### VIA FIRST CLASS MAIL

Gilbert F. Shelsby, Jr., Esquire
Shelsby & Leoni
221 Main Street
Stanton, DE  19804

Richard Galperin, Esquire
Morris James LLP
500 Delaware Avenue; Suite 1500
P.O. Box 2306
Wilmington, DE  19899-2306

DATED:  April 1, 2008

Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE  19801
Telephone:     (302) 654-0248
Facsimile:     (302) 654-0728
Email:          loizides@loizides.com

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BARBARA CLEVENGER and<br>PAUL CLEVENGER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-566 (JJF) |
| | ) | |
| SUSAN M. DONNELLY, M.D., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| LABORATORY CORPORATION OF<br>AMERICA aka LABCORP and<br>LABCORP DELAWARE, INC., | ) | |
| | ) | |
| Defendants/Third Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NEIL S. KAYE, M.D., P.A., | ) | |
| | ) | |
| Third Party Defendants. | ) | |

## THIRD-PARTY COMPLAINT AGAINST NEIL S. KAYE, M.D., P.A.

COME NOW Defendant Laboratory Corporation of America and LabCorp Delaware, Inc. (collectively "LabCorp") by and through their undersigned counsel, pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, and, for their Third Party Complaint against Neil S. Kaye, M.D., P.A. ("Kaye P.A."), state as follows:

## PARTIES & JURISDICTION

1.     Plaintiffs Barbara Clevenger and Paul Clevenger reside at 520 Old Telegraph Road, Warwick, MD 21912. Plaintiffs filed the underlying complaint (the "Complaint") in this case against LabCorp and Defendant Dr. Susan Donnelly.

080401133407.DOC

2.      Laboratory Corporation of America is a Delaware corporation with its principal place of business in Burlington, North Carolina.

3.      LabCorp Delaware is a corporation with its principal place of business in New Castle, Delaware.

4.      LabCorp is in the business of conducting laboratory specimen and tissue testing and analysis.

5.      Susan M. Donnelly, M.D. ("Dr. Donnelly") is a physician, specializing in pathology, licensed to practice medicine in the State of Delaware.

6.      Kaye P.A. provides pathology services and has its principal place of business in Wilmington, Delaware.   Dr. Donnelly is employed by, and works under the control and supervision of, Kaye P.A.

7.      This Court has supplemental and/or ancillary jurisdiction within the meaning of 28 U.S.C. § 1367 of the claims against Kaye P.A. in the Third-Party Complaint because the claims are so related to the claims in the Complaint so as to form part of the same case and controversy under Article III of the United States Constitution.

## PLAINTIFFS' CLAIMS IN THE COMPLAINT

8.      Plaintiffs allege in the Complaint that Dr. Donnelly negligently evaluated a skin biopsy taken from Barbara Clevenger ("Ms. Clevenger") in May of 2005.

9.      Ms. Clevenger was subsequently diagnosed with a Clark's Level IV melanoma. She alleges that because of Dr. Donnelly's negligence in evaluating her May 2005 biopsy, the diagnosis of her cancer was delayed, and she suffered an increased growth and spread of her melanoma.

10.    Paul Clevenger asserts claims for loss of consortium arising from the injuries allegedly sustained by Ms. Clevenger.

## THIRD-PARTY CLAIMS AGAINST KAYE P.A.

### COUNT I
### CONTRACTUAL INDEMNITY

11.    LabCorp incorporates herein the allegations in Paragraphs 1 through 10 above.

12.    On or about December 27, 2001, LabCorp and Kaye P.A. entered into a Pathology Services Agreement whereby Kaye P.A. was to provide professional pathology services for LabCorp, including performing microscopic examination and interpretation of tissue specimens as well as review of atypical gynecological smears and non-gynecological specimens. Five amendments have been made to the Pathology Services Agreement.

13.    The May 2005 biopsy at issue in Plaintiffs' Complaint was examined and evaluated by Kaye P.A. and its employee Dr. Donnelly pursuant to the Agreement.

14.    Paragraph 13 of the Agreement provides, "Kaye P.A. agrees to indemnify and save harmless LabCorp, its agents and employees from any and all damages, liabilities, claims, costs, reasonable attorney's fees and other expenses arising from or related to malpractice claims or lawsuits against LabCorp, it agents or employees, arising out of the personal examination by Pathologist of any surgical pathology specimen, gynecological (pap) smear or non-gynecological smear, or from the rendering or failure to render medical services by Kaye P.A. to or on behalf of any third party except as provided for hereunder."

15.    While denying liability to the Plaintiff, the acts, injuries, and damage alleged by Plaintiff were caused by or arose out of the negligence of Kaye P.A., and Kaye P.A. is obligated under the Agreement to defend, indemnify and save harmless LabCorp.

16.    LabCorp has demanded that Kaye P.A. defend, indemnify, and hold it harmless as required by the Agreement.

17.    To date, Kaye P.A. has failed to provide assurances that it intends to honor its indemnity obligations under the Agreement.

18.    As a direct result of Kaye P.A.'s failure to honor its indemnity obligations under the Agreement, LabCorp has incurred attorneys' fees and costs defending this action and may in the future incur additional damages, liabilities, costs, attorney's fees and other expenses.

19.    LabCorp has fully satisfied all of its obligations under the Agreement.

WHEREFORE, Defendants Laboratory Corporation of America and LabCorp Delaware, Inc. respectfully request judgment against Neil Kaye, M.D. P.A. in an amount sufficient to indemnify Defendants for all damages, liabilities, claims, costs, attorney's fees and other expenses incurred by them in this action.

## COUNT II
## BREACH OF CONTRACT

20.    LabCorp incorporates herein by reference Paragraphs 1 through 19 above.

21.    Paragraph 11 of the Agreement provides that Kaye P.A. shall obtain medical malpractice liability insurance having limits of not less than $1,000,000 for each single occurrence, and $3,000,000 in the annual aggregate against any claim arising from the rendering of services under the Agreement and that said policy shall name LabCorp as an additional insured. The insurance "shall be primary to and not contributing to other insurance and/or self-insurance available to LabCorp for such claims."

22.    On information and belief, Kaye P.A. has breached the Agreement by failing to obtain the insurance policy required by Paragraph 11 and/or failing to name LabCorp as an additional insured under said policy.

23.    LabCorp has demanded that Kaye P.A. satisfy its contractual obligation and defend, indemnify, and hold LabCorp harmless, and provide proof that it has obtained the insurance coverage specified in the Agreement.

24.    To date, Kaye P.A. has failed to provide assurances that it intends to honor its indemnity obligations under the Agreement.

25.    LabCorp has fully performed its obligations in the Agreement.

26.    As a direct result of Kaye P.A.'s breach of the Agreement, LabCorp has incurred attorneys' fees and costs defending this action and may in the future incur additional damages, liabilities, costs, attorney's fees and other expenses.

WHEREFORE, Defendants Laboratory Corporation of America and LabCorp Delaware, Inc. respectfully request judgment against Neil Kaye, M.D. P.A. in the amount of all damages, liabilities, costs, attorney's fees and other expenses incurred by LabCorp in this action.

## COUNT III
## COMMON LAW INDEMNITY

27.    LabCorp incorporates herein the allegations in Paragraphs 1 through 26 above.

28.    Plaintiffs allege in the Complaint that Kaye P.A.'s employee Dr. Donnelley was negligent and such negligence caused the occurrences complained of and the damages sustained by Ms. Clevenger.

29.    All damages, liabilities, claims, costs, attorney's fees and other expenses incurred by LabCorp in this action are the responsibility of, and should be borne by, Kaye P.A.

30.    LabCorp has demanded that Kaye P.A. satisfy its obligation and defend, indemnify, and hold LabCorp harmless.

31.    To date, Kaye P.A. has failed to provide assurances that it intends to honor its indemnity obligations.

WHEREFORE, Defendants Laboratory Corporation of America and LabCorp Delaware, Inc. respectfully request judgment against Neil Kaye, M.D. P.A. in an amount sufficient to indemnify Defendants for all damages, liabilities, claims, costs, attorney's fees and other expenses incurred by them in this action.

**COUNT IV**
**CONTRIBUTION**

32.    LabCorp incorporates herein the allegations in Paragraphs 1 through 31 above.

33.    In the alternative, while denying liability to Plaintiff, in the event that LabCorp is adjudged to be negligent, LabCorp asserts that Kaye P.A. was negligent and such negligence caused and contributed to the occurrences complained of and the damages alleged in the Complaint, and LabCorp demands contribution from Kaye P.A for all damages, liabilities, claims, costs, attorney's fees and other expenses related to this action.

WHEREFORE, Defendants Laboratory Corporation of America and LabCorp Delaware, Inc. respectfully requests that Neil Kaye, M.D. P.A. be ordered to pay contribution to LabCorp for all damages, liabilities, claims, costs, attorney's fees and other expenses related to this action.

Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE  19801
Telephone:    (302) 654-0248
Facsimile:    (302) 654-0728
Email:        loizides@loizides.com

- and -

080401133407.DOC                          6

James V. O'Brien
Andrew S. Buchanan
LEWIS, RICE & FINGERSH, L.C.
500 N. Broadway, Suite 2000
St. Louis, MO  63102
Telephone:    (314) 444-7600
Facsimile:    (314) 241-6056
Email:         jobrien@lewisrice.com
               abuchanan@lewisrice.com

*Counsel for Defendants Laboratory Corporation of*
*America and LabCorp Delaware, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

BARBARA CLEVENGER and )
PAUL CLEVENGER, )
)
)
Plaintiffs, )
)
v. )    Civil Action No. 07-566 (JJF)
)
SUSAN M. DONNELLY, M.D., )
LABORATORY CORPORATION OF )
AMERICA, a.k.a. LABCORP and )
LABCORP DELAWARE INC., )
)
Defendants. )    Re: Docket No. ____
_____ )

## ORDER GRANTING
## DEFENDANTS' MOTION FOR LEAVE TO FILE
## THIRD PARTY COMPLAINT AGAINST NEIL S. KAYE, M.D., P.A.

The Court, having heard and considered the Motion filed by Defendants for Leave to File

Third-Party Complaint Against Neil S. Kaye, M.D., P.A., and good cause being considered;

IT IS HEREBY ORDERED:

1.    The Motion is GRANTED.

2.    The Defendants are granted leave to file their Third-Party Complaint against Neil

S. Kaye, M.D., P.A. in the above-captioned matter.

DATED: _____, 2008

                                    _____
                                    Joseph J. Farnan, Jr.
                                    United States District Court Judge

080401133351.DOC